HOYER & HICKS
Richard A. Hoyer (SBN 151931)
*rhoyer@hoyerlaw.com*
Ryan L. Hicks (SBN 260284)
*rhicks@hoyerlaw.com*
Eisha Perry (SBN 330621)
*eperry@hoyerlaw.com*
4 Embarcadero Center, Suite 1400
San Francisco, CA  94111
*tel* (415) 766-3539
*fax* (415) 276-1738

Attorneys for Plaintiff
GIANMARIA MUSSIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANMARIA MUSSIO,<br><br>                    Plaintiff,<br><br>vs.<br><br>ISTITUTO ITALIANO DI CULTURAL, ITALIAN MINISTRY OF FOREIGN AFFIARS AND INTERNATIONAL COOPERATION, CONSULATE GENERAL OF ITALY IN SAN FRANCISCO and DOES 1-25, inclusive,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br>  1. **Age Discrimination in Violation of the ADEA for Termination;**<br>  2. **Age Discrimination in Violation of the ADEA for Refusal to Hire**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gianmaria Mussio ("Plaintiff") brings this action against Defendants Istituto Italiano di Cultural ("IIC"), Italian Ministry of Foreign Affairs and International Cooperation ("MAECI") and the Consulate General of Italy in San Francisco (collectively "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff was hired by Defendant MAECI to work at the Istituto Italiano di Cultura ("IIC"), in San Francisco, CA in early 2000 as a receptionist and office support staff member. Plaintiff's employment contract included a provision requiring his retirement the month he

**COMPLAINT FOR DAMAGES**                                                                                                                   1

turned 65 years old. Despite his adequately performing his job, Plaintiff's requests to extend his mandatory retirement were denied and Plaintiff was forced to resign from his position pursuant to its mandatory retirement age policy. After his termination, Plaintiff saw a posting for his same role, but which did not include an age provision. Plaintiff applied for the role but was rejected due solely to his age.

## PARTIES

2. Plaintiff Gianmaria Mussio worked at the Istituto Italiano di Cultural ("IIC") in San Francisco for over two decades. At all relevant times, Plaintiff resided in Berkeley, California.

3. Defendant IIC is an extension of Defendant the Italian Ministry of Foreign Affairs and International Cooperation ("MAECI"). It operates an office in San Francisco, CA. At all relevant times, Defendant IIC was Plaintiff's employer.

4. Defendant MAECI is the foreign ministry of the Government of Italy. At all relevant times, Defendant MAECI was Plaintiff's employer.

5. Defendant Consulate General of Italy in San Francisco provides services and resources to Italian nationals in the United States. Defendant Consulate General of Italy in San Francisco is listed on Plaintiff's wage statements as his employer. At all relevant times, Defendant Consulate General of Italy in San Francisco was Plaintiff's employer.

6. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1-25 and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true identities and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and thereby proximately caused Plaintiff's injuries alleged herein.

7. Plaintiff is informed and believed, and on that basis alleges that, at all relevant times, each of the Defendants was the agent or employee of each of the remaining Defendants, and, in doing the things herein alleged, was acting within the course and scope of such employment, and that Defendants authorized, ratified, and approved, expressly or implicitly, all of the conduct alleged herein.

**COMPLAINT FOR DAMAGES**                                                                                   2

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the ADEA claims pursuant to 28 U.S.C. § 1331 and § 1343.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times, Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California. The discriminatory decisions made by Defendants occurred in the Northern District of California.

10. Assignment to the San Francisco Division of this Court is proper because all of the acts complained of took place in San Francisco, CA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff filed a timely charge of discrimination against Defendant IIC with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a right-to-sue notice from EEOC dated December 18, 2020 and has commenced this action in a timely manner.

12. Plaintiff filed a timely charges of discrimination against Defendant MAECI and the Consulate General of Italy in San Francisco with the EEOC. Plaintiff received right-to-sue notices from the EEOC dated March 14, 2021 and has commenced this action in a timely manner.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by Defendant IIC in early 2000 as an auxiliary level employee, the lowest of the Italian administrative support staff levels. Plaintiff was given the title Information Officer, and assigned to the front desk, where he worked as a receptionist, screening visitors; answering and re-directing phone calls; assisting with entertaining guests during events by serving wine and refreshments, acting as a greeter or doorman, answering guest questions; and providing general office support. In accepting this position, Plaintiff signed an employment contract that included the following provision:

> "Employees under contract…cease service on the first day of the month after reaching the age of 65."

14. In this role, Plaintiff acted as support staff for IIC. His job duties included staffing the

**COMPLAINT FOR DAMAGES** 3

front desk and switch board, running office related errands, translating documents, checking in with contractors, and entertaining guests.

15. Starting in 2019, Plaintiff's colleagues began casually discussing with him that he would need to retire in the next year due to his age. Plaintiff was aware that in some circumstances, an employee could request a two (2) year extension to their retirement age from the Consulate General. At a cocktail party in 2019, Plaintiff approached the Consulate General employee who dealt with employee payroll and asked about this extension. This employee responded that he would inquire about the extension from the MAECI. A few months later, after a follow up email from Plaintiff, he responded that MAECI had determined Plaintiff did not qualify for the extension.

16. In the Winter of 2019, Annamaria Di Giorgio ("Di Giorgio"), Defendant IIC's Director and Plaintiff's immediate supervisor, made an offhand comment to Plaintiff that he would need to be sure to complete some administrative work before he retired soon.

17. In October 2020, Di Giorgio began discussing with Plaintiff that he would need to retire by November 30, 2020, the month he turned 65. In an email exchange beginning on October 1, 2020, Di Giorgio informed Plaintiff that the personnel office in Rome that had authority over Defendant IIC reviewed Plaintiff's request for an extension to his mandatory retirement and determined that it would not be possible to grant the postponement due to the age provision of employment contract.

18. That same day, Plaintiff responded to Di Giorgio that he had spoken with attorneys who believed the Age Discrimination in Employment Act ("ADEA") applied to Defendant IIC and that his forced retirement was age discrimination under United States law.

19. Di Giorgio responded that his mandatory retirement was subject to the employment contract and that the provision superseded local law, even though the contract itself said it was subject to local law. Throughout October 2020, Plaintiff and Di Giorgio exchanged emails regarding the applicability of the ADEA to his situation. Di Giorgio appeared unconvinced by Plaintiff's arguments and began preparing for his upcoming forced retirement, telling Plaintiff on October 13, 2020 that if he did not use his accrued vacation days, he would lose them

**COMPLAINT FOR DAMAGES**                                                                 4

due to his retirement.

20. On October 27, 2020, Di Giorgio told Plaintiff that while she was still waiting to on final confirmation from MAECI regarding Plaintiff's retirement, she needed Plaintiff to fill out and sign paperwork affirming Plaintiff's retirement on November 30, 2020.

21. On October 30, 2020, Di Giorgio informed Plaintiff that MAECI had, who, in connection with the Italian Embassy in Washington D.C., had discussed Plaintiff's matter with legal counsel and determined that his retirement date was November 30, 2020.

22. On November 30, 2020, the date of his forced retirement, Plaintiff returned to the IIC office and cleaned out his belongings.

23. In January 2021, Plaintiff saw a listing on Defendant's website advertising a position similar to that which he had recently been forced to resign from. The job description did not include an age cut off, leading Plaintiff to believe there was no such restriction. He submitted an application for the position but never received a response. A few weeks later, Plaintiff found a posting on the Defendant's website that stated Plaintiff had not been selected for the position due to the age limit in the employment contract.

## FIRST CAUSE OF ACTION

**Age Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.**

**(Brought by Plaintiff Against All Defendants)**

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

24. The Age Discrimination in Employment Act ("ADEA") makes it unlawful for employers and their agents "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

25. Plaintiff was 65 years old when Defendant terminated from his employment with Defendant.

26. Plaintiff was terminated only due to a mandatory retirement age provision of his employment contract, which prohibited continued employment with Defendant after the age

**COMPLAINT FOR DAMAGES** 5

of 65.

27. Plaintiff was qualified to continue working in his position.

28. Defendant's violation of the ADEA was intentional and willful.

29. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of the wages and other benefits, lost interest on those wages and other benefits, loss of earning capacity, humiliation, mental anguish, and emotional and physical distress. As a result of such discriminatory actions and consequent harm, Plaintiff has suffered such damages in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

**Age Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.**

**(Brough by Plaintiff Against All Defendants)**

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

30. The Age Discrimination in Employment Act ("ADEA") makes it unlawful for employers and their agents "to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

31. Plaintiff was 65 years old when Defendant refused to hire Plaintiff.

32. Plaintiff's potential employment was denied only due to a mandatory retirement age provision of the potential employment contract, which prohibited continued employment with Defendant after the age of 65.

33. Plaintiff was qualified for the position.

34. Defendant's violation of the ADEA was intentional and willful.

35. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of the wages and other benefits, lost interest on those wages and other benefits, and loss of earning capacity. As a result of such discriminatory actions and consequent harm, Plaintiff has

suffered such damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For an award of damages to Plaintiff against Defendant, including economic damages and for any punitive or penalty damages allowed under California or Federal law;

2. Reinstatement to the job of auxiliary level employee and backpay;

3. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

4. Pre- and post-judgment interest, as provided by law;

5. All applicable statutory penalties arising from Defendant's unlawful conduct, as alleged herein;

6. Injunctive and declaratory relief; and

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

Date: March 16, 2021	HOYER & HICKS



Richard A. Hoyer
*Attorney for Plaintiff*
GIANMARIA MUSSIO

**COMPLAINT FOR DAMAGES** 7